and will be fully involved in the decision-making in all cases. And with that, we are ready to hear arguments in the first case. Good morning. May it please the Court, my name is Dennis Coyne. I represent the appellants in this matter, the United Government Security Officers of America International, and it's local, 320. There's a button on the side, you're tall, maybe you could get the thing to go up for you. There you go. Alright, that's better. That's much better. And if possible, I'd like to reserve two minutes for rebuttal if I still have some time. Your time is your own. Thank you, Your Honor. This breach of contract case presents the question of the proper statute of limitations to apply in a lawsuit between a labor union and an employer to compel a labor arbitration. The facts were stipulated to in this case and are completely undisputed. I assume you're familiar, I won't spend too much time on them, but in a nutshell, the unions represent, represented protective security officers in a bargaining unit. Those officers worked in various federal facilities in the Salt Lake City area. Mr. Reed, the grievant, was a member of the union. Early January 2014, there's no dispute that he was terminated by the employers. The unions timely filed a grievance of that termination under the just cause and grievance and arbitration provisions that was denied. And by the end of February 2014, the unions had appealed the case to arbitration. There's also no dispute that the unions did not file a suit to compel arbitration until more than six months after the employer's refusal. And what does your client want? To compel arbitration? Yes, Your Honor. The relief request in this case has been to compel the arbitration under the just cause provision of the collective bargaining agreement. So would you agree this is a pure case as opposed to a hybrid case? Yes, Your Honor. I don't think the counsel of the employer disputes it. It is definitely a pure case here. So what we have to look to, we still have to look, the backdrop of this case is the Supreme Court's Del Castello case. Because the LMRA doesn't provide a statute of limitations, the court has to decide where it comes from. Del Castello, I think it's important to note, was a hybrid case. The hybrid is a duty of fair representation. In other words, the employees in that case, the grievance and arbitration procedure in that case had been exhausted. With one of the two combined cases, there had actually been an employer union said, you didn't represent us fairly. And they sued the employer saying you violated the contract with whatever you did. So sued against both entities? Correct. That is the hybrid case and that's what happened in that case, unlike here. So the court set out a two-part test for determining where to take the statute of limitations from. It previously had applied a state statute of limitations in what's called the Hoosier Cardinal case from the 1960s. So this case was somewhat different because it had the hybrid element. But the two elements were, there was some federal rule of limitations that provided a closer analogy than the state alternative and key, they have to both be met. The federal policies at stake and the practicalities of litigation rendered the federal rule more suitable. Well, and the federal policies at stake here, labor law policies, arbitration is encouraged in labor law, federal policy. So wouldn't we look more closely to the NLRB statute? Your Honor, I completely agree that the overriding federal policy when it comes to unions and employers is to encourage them to go to arbitrators and not to clog the courts with their disputes. So the problem in Donostello was the plaintiffs in that case were seeking to reverse that policy, right? They were upset. There was an arbitration award already issued. The grievance and arbitration process had been done. The deal was done between the employer and the union. In that case they were seeking to undo it by having a hybrid state saying, we want you to set aside what happened. Here it's the opposite. We want, here we're seeking to just use the process. Nothing has been done. There's been no arbitration award to overturn the deal between the parties, the contractual deal. We should use arbitration, correct? But isn't part of the reason you use arbitration so that you can get a speedy resolution of your issue? Sometimes, Your Honor. I think there's different competing policies, right? Obviously I don't dispute that. That is one aspect is you want a speedy... Well, just practically. I mean, this employee has been out of service and away from this job at least, well, even before 2014. So the idea of bringing him in and those who might have some information about the situation, why he was terminated for cause, I mean, that's a little stale by now, isn't it? And the idea of bringing him in and saying, okay, we were all wrong, come back to work, that's a little belated also. So the timeliness is really important here in arbitration, isn't it? I mean, you see that in all of the labor law cases. Yes, Your Honor, of course, I think that's inherent. But it's no different than we have employment. You might have an employment contract and you could still apply the statute of limitations of a contract you would because you wouldn't have a union in that case. There's always inherent, right? Some time could pass. In any case, in the U.S. Supreme Court, I think it's important to note a case cited by the Employers' Council, the Reed case, Reed versus United Transportation Union, 488 U.S. 319, seems to have narrowed that case. That was a case involving union members filing suit against their union for violating their free speech rights under the Labor Management Relations and Disclosure Act, LMRDA, to have a cumbersome acronym. In that case, the court specifically went out of its way to distinguish Del Castello and to say that case was narrow. That was about a hybrid case. The problem there was the interdependence of the two claims. You had a duty of fair representation claim, which is drawn essentially from the NLRA. It's a statutory-based claim. And you had a breach of contract claim. And it's completely impractical to have two different statute of limitations. They had to pick one. And they noted also, the Supreme Court, that one of the reasons was the state statute of limitations, I believe it was New York, was only 90 days. And that statute of limitations, the court said, was too long. In Reed, Your Honor? In Castello. Oh, in Del Castello. I'm talking about a subsequent case where, yeah. The state statute of limitations was too short in Del Castello, Your Honor. It was 90 days. But here, I mean, the Utah statute would be six years, right? That's correct, Your Honor. And another Supreme Court case I wanted to mention, North Star Steel, involving the Warren Act, the Supreme Court actually said six years would not be too long. That was a Warren Act case, where it's regulated by a federal statute. When a plant closes, obviously, there's a federal interest in mass displacement of workers. And they said, yes, that's inherent in the... But don't we focus on what the issue is here, which is to compel arbitration? Yes, Your Honor. I think... And isn't six years an awfully long time to wait before you compel arbitration to get a speedy resolution of your claim? I don't think so, Your Honor. Just like an employment contract dispute, we wouldn't bat an eye, most likely, to say, what do we look to? We look to the state statute. We look to the... It's an employment contract someone might have. But here, you're trying to enforce the CBA, right? A provision of the collective bargaining agreement. That's correct, Your Honor. That's why we say it's more analogous to a breach of contract. We don't have this interrelated duty of fair representation claim, which is what the NLRA is concerned with. I just say the words collective bargaining agreement. I really think federal policy, labor law, I'm back into that arena again. I mean, this is not the Garcia case, which you cite. Because there, the plaintiff was not trying to enforce any part of a contract because the contract had been totally repudiated. But the key, Your Honor, to the Garcia case, yes, I agree the facts are not analogous. However, the key to the court's reasoning, it said there's an inference that the grievance and arbitration provision has been repudiated because the entire contract has been repudiated. What appears to have been the dispositive inquiry in Garcia was, did the employer repudiate, refuse to use the grievance and arbitration provision? And if they did so, there's no I think what Garcia stands for is the, what is the real federal policy at issue? It's the finality of disputes, the finality of private dispute resolution between a union and an employer. If we haven't even gotten in the door, we're not seeking like in Del Costello to overturn the deal that's already been made. We're just seeking to be given access to the deal that's been made between the parties, to use the private dispute resolution procedure, not to clog the courts, to come here before you. And I think the 11th Circuit, which has been cited in my brief, the United Paper case, decided that after Reed, after Reed appeared to, the Supreme Court appeared to dial back on Del Costello. That was a suit to compel arbitration. The 11th Circuit said, yes, and I don't dispute, and I'll be honest with you, most of the other circuits are against me in this regard. And shouldn't we care about that? I mean, isn't one of the goals here uniformity? Your Honor, yes. What other circuits? Or are you urging us to get this before the Supreme Court? We could always be outstanding out here in the 10th Circuit. Certainly uniformity is a policy, but also getting right what you think the Supreme Court would say about this. And I think what the 11th Circuit did after Reed, they said, yeah, we've got all these other circuits who have done what the employers want us to do and apply the short limitations period, but Reed really seems to have changed the game. Yes, it was an intra-union dispute. However, the Court appeared to say that the DFR was the key element there in the 90-day, the short limitations period was their reason for extending it. And again, the 11th Circuit in the United paper, which I think post-Reed cited Reed for that, and then also when you have the second case, the North Star Steel case that the United States Supreme Court cited Hoosier Cardinal, that's the old case, saying six years is fine for a dispute. They cited that with approval of the United States Supreme Court in the North Star Steel case. And again, they said six years, the Supreme Court has said in that case, albeit it's probably dicta, six years is not too long to frustrate this country's national labor policies. But North Star Steel was a Warren Act case, right? Correct, Your Honor. I'm reasoning by analogy, but they specifically talked about Del Costello. Both those cases, the employers came in and said, well, Del Costello, we've got some national policy here, right? We've got a federal labor policy. You should just apply Del Costello. And I would submit to you that the other circuits, with respect to them, sort of did a cursory analysis and said, well, we've got a policy here. It's grievance and arbitration. So we should just apply the six months. But Del Costello really was concerned about the intertwining of the two claims and overturning the deal that had already been struck. The arbitration award was already issued in Del Costello. And I think that this Court, after Garcia, also reaffirmed that in the Morgan and Osgood, the trustees of Wyoming case, that was decided, it was an ERISA case, but the Court really talked about breach of contract between an employer, albeit it was a trustees of a benefit fund, but which represented the interests of workers. And they specifically, the Court in Morgan and Osgood, looked at Del Costello. And they said, no, that only applies to DFRs. And we don't have that concern here. Should we be concerned that there would be an inconsistency in statutes of limitation in actions against an employer versus actions against the union? Because if we go with your way, the union cause of action would be the six years, right? Correct, Your Honor. And I think that makes sense, if you look at Del Costello, because the Court there was concerned with undoing- It would make more sense, wouldn't it, to have them the same statute of limitations? I don't think so, Your Honor, because in a DFR, you're trying to undo a deal. And yes, if the union and the employer have already struck a deal, we should give finality to it. Here, when the union sues the employer to compel arbitration, there's no deal that's been struck already that you're attacking, right? So there's not this concern with the finality of disputes. You're just seeking to get in to use the private dispute resolution procedure. Is your argument dependent on whether the collective bargaining agreement has expired? I don't think that's my best argument. Certainly, I think it militates in favor of me, because they're not looking to put someone back to work here and disrupt something. There's no possibility here. That does show we have more of just a contractual dispute. But I think the better approach is to say that we're not undoing a deal that's been done between the two parties, unlike in a DFR. And if possible, if you don't have any more questions, I'd like to reserve the next minute and a half. Thank you. Thank you very much, Your Honors. Good morning. Good morning. My name is Frank Davis. I'm here representing AEPS and Paragon Systems. And I heard counsel's argument and the focus on a six-year statute of limitations. I got to tell you, I was a history teacher before I went to law school. So I got bogged down a lot into this history looking at it. It was interesting to me to look at the evolution of these cases, starting with the 1969 Taft-Hartley Act, where they came out with the six-month limitation period in the first place at the Labor Board. What was the reason for that? Because they wanted to expedite these cases. They wanted to resolve these issues quickly, because keeping people out of work for more than six months or even 12 months is difficult on an individual. So this court was first confronted with the Del Costello decision in the case that I found called Barnett v. United Airlines. And in that case, the Colorado District Court adopted a 90-day statute of limitations following the state statute of limitations for appealing arbitration decisions under the Colorado Arbitration Act. Whenever the Del Costello case came out, the Del Costello case had actually addressed that in part, saying that, well, the state statute of limitations for contract breaches is too long, and the Arbitration Act statute of limitations of 90 days is too short. And that was the divide in Del Costello. So the Supreme Court looks and says, well, what makes sense when you're resolving an arbitration issue? And that's the six months that is followed in the ULP cases before the National Labor Relations Board. And this court, the Tenth Circuit, reversed the District Court in Barnett and said, okay, in a hybrid, and Barnett was a hybrid, RLA case, Railway Labor Act. So, and we've never addressed this issue, which is a pure case, right? That's right, Your Honor. This court has not addressed it, well, let me, it never addressed it in the context of the Labor Management Relations Act. This court did address it in 1998 as it relates to the Railway Labor Act. And in Repstein, this court said, in a pure case, I'm sloppy, I call it a non-hybrid, so if I accidentally say that here, I apologize. But in a pure case, Repstein versus Burlington Northern in 1998, this court said that the six month statute of limitations applicable to Section 10B of the National Labor Relations Act applies. The court adopted the six month statute of limitations in a Railway Labor Act case because, like the National Labor Relations Act, like the Labor Management Relations Act, rather, there is no statute of limitations in the standard. So the Supreme Court has not addressed this issue that we have before us today, is that right? By all fours? Yes, Your Honor, you are correct. The Supreme Court has not decided the pure case as to whether the six month statute would apply. However, in dicta, Del Castello did say that if it was a non-hybrid case, I think is what the Supreme Court called it, that they would expect they would use the six month statute of limitations, and that was footnoted. And I apologize, I don't have that off the top of my head, I certainly should. It's certainly in my briefing. Footnote 12, I think. I believe it's footnote 12, yes, Your Honor. Thank you. Now that I can use a little help. So from my perspective, from the perspective of the employers, this is a simple application of the six month statute of limitations to maintain national uniformity with ten other circuit courts that have issued this ruling. The fourth is the other circuit court that hasn't addressed this, and I figure that this court and the fourth haven't addressed it because everybody has pretty much decided that this is a six month statute of limitations that applies. Well, do you agree that the 11th Circuit goes a different way? The 11th Circuit had one deviant case, I shouldn't say deviant, that's the wrong word, but they deviated slightly. They adopted a 12 month statute of limitations in one instance where they said, well, state statute of limitations is only slightly longer than the federal standard. But I only found one case where they did that. More recently in 2017, in the Geis case, G-U-I-C-E, forgive my pronunciation, I'm not good with names, the court actually used a six month statute of limitations in that case. And then in Georgia. So what did it do with its prior precedent? It just ignored it? It was an unpublished case. Geis was unpublished. They didn't focus on it. And it involved a United States postal worker, so they were, I believe they were maybe more focused on federal rights because of the postal worker status. I couldn't figure out how to reconcile the two cases, honestly. And it didn't look like the 11th Circuit tried to do so. But in Wise Alloy in Alabama, that was a steelworker case, the 11th Circuit adopted the six month statute of limitations. And then they did again in Georgia. Actually there are two cases in Alabama where they did the six month, and one case in Georgia where they deemed six months as the appropriate statute of limitations. It was only Florida where they made the exception because of the 12 month rule in Florida. Well, the appellant relies heavily on our Garcia case. What do we do with that? So Garcia, and I keep losing sight of this, but I'm glad I remembered it for right now. Garcia wasn't a motion of summary judgment. It was a motion to dismiss. So the court was addressing the standard under a motion to dismiss standard. And in that case, you're complete repudiation of the contract. And the court repeatedly said, complete repudiation of the contract. I know the unions have tried to parse that out and say, well, in repudiating the contract, they repudiated the arbitration agreement. And indeed, there is a line in that decision where the court says the employer repudiated the arbitration agreement. I believe that was part and parcel of the repudiation of the entire contract. And I think that was how the court intended it. While it was trying to align and explain why the six month statute of limitations would not apply in this case. So that court addressed two things. They explained, well, this isn't a hybrid case. We're going to call this a non-hybrid case for Garcia. And then the court said, and they repudiated the entire contract. So there was no opportunity to arbitrate or to even pursue the grievance process. Because in a sham sale, they kept calling it a sham sale, where the employer sold to an alter ego. They said, well, we don't have any obligation to comply with any aspect of the contract. Well, is the expiration of the collective bargaining agreement the same as repudiation of the whole agreement? It's not the same, Your Honor. In this case, there's two reasons why the that shouldn't be a consideration here. This case arose in 2014. The contract was current. That contract was current from 2014-2015. Then the union and the companies negotiated a new contract that went until 2018. So there wasn't an expiration during the time when this should have been heard. But even if there was, this is what we call a 9A contract. And it was a contract that was created because there was an obligation to bargain that's required by the National Labor Relations Board because the union won an election that said, you've got to bargain with the union and have a bargaining relationship. So there was a 9A bargaining relationship. And in a 9A bargaining relationship, you've got to continue that relationship until you're otherwise relieved from that relationship in a technical and legal way. And the company was never relieved of that bargaining relationship until the end. So even though there's a lapse in the agreement, you're saying they were never relieved of their responsibility? That's right, under the contract that developed at that time. That's right, unless there was an agreement with the union to do so. Now the bargaining relationship terminated in Salt Lake City, Utah because the government terminated the company's contract in Salt Lake City, Utah. However, there is an ongoing bargaining relationship between AEPS and Paragon and UGSOA and many other jurisdictions in the country. So there is a continuing 9A relationship, not only stemming from the Salt Lake City contracts, but also in other forms. I don't believe I have much more to say about that position. I do believe that national uniformity requires us to adopt a six-month statute of limitations in this case. I think it's unavoidable. I'd like to reference to the Supreme Court, that's what I kept thinking to myself. Well, I've never argued in front of the Supreme Court before, that'd be interesting, although I don't think I would fare well. We could give you a chance. Somebody in D.C. will probably take the case from you. That's probably true. Somebody's taller and better looking. Anyway, if you don't have any further questions, I think you've read the briefing. It's pretty plain from my perspective. I can't imagine I have anything else to add. I just had a couple things to say on rebuttal, Your Honors. With the issue of Repstein, that court under the Railway Labor Act specifically did not decide the issue. If you look at the end of the decision, it says that one of the parties brought up this issue, oh, we should apply Colorado instead of the six months, and the court said you didn't raise that below, so we're not even going to decide that issue. In that case, it was a local union official seeking to undo an agreement that had been made between a larger union, an international and a company. So I think that's quite distinguishable, and the court said we're not going to deal with this right now. And I think with regard to the dicta, footnote 12, I believe it is, and Del Castello about, well, we would probably apply this even if it was straight up a union and employer, you have to look at what the Supreme Court has done since. And in the Reid case and in the North Star Steel case, I think that what they were indicating in that footnote at the time and Del Castello has kind of gone out the window, they've said Del Castello is very poor, we did it because it was 90 days, and there's no issue with degrading national labor policy because parties are simply seeking to get the benefit of the bargain, they're not seeking to undo a deal. With regard to national uniformity, I do understand that issue that the court is sensitive to that, but I think the court in Reid said, well, yes, that is an issue, the national uniformity could be helpful. However, having different statute of limitations is just inherent in the Rules of Decision Act itself, which says we should borrow state statute of limitations should be the norm. In Reid, the court said it should generally be the norm that we should borrow the state statute of limitations. With that, my time is up. Thank you. Thank you, Chancellor. Thank you, Your Honor. Thank you both for your arguments this morning. The case is submitted.